```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF VIRGINIA
                       Newport News Division
```

**UNITED STATES OF AMERICA**

v.                                              Criminal No. 4:20cr1

**JAMAR GREEN,**

    **Defendant.**

### MEMORANDUM ORDER

This matter is before the Court following a brief status conference conducted on September 29, 2020, via video teleconference using the Zoom.gov platform. Trial is currently scheduled to commence in this matter on Wednesday, October 6, 2020.

### I. Status Conference

The September 29, 2020, status conference was originally scheduled to be conducted in open court. However, due to multiple confirmed COVID-19 cases at the jail where Defendant is housed, such hearing was converted to a video teleconference as COVID-19 mitigation policies adopted by Defendant's jail prevented his transport to the federal courthouse. Defendant, who is now proceeding pro se in this criminal case, was present on the video teleconference, as was counsel for the Government and standby defense counsel. The purpose of such status conference was: (1) to address Defendant's pre-trial access to discovery materials subject to a protective order in light of the challenges created

by the COVID-19 pandemic, with such access recently complicated by the COVID-19 outbreak at Defendant's jail and the jail's responsive mitigation procedures; and (2) to allow Defendant an opportunity to be heard on trial scheduling matters in light of the fact that he still has not reviewed substantial portions of the pre-trial discovery provided by the Government.[1]

At the video teleconference hearing, the Court made a preliminary statement summarizing relevant background information, but prior to completing such background, Defendant interjected and voiced his objection to the hearing itself, indicating his desire for an in-person status conference in open court. The Court informed Defendant, on the record, that such an in-person hearing could not be conducted at this time due to the COVID-19 outbreak at Defendant's jail and the recently adopted restrictions on inmate movement. Defendant orally challenged the Court's information regarding limitations on inmate movements and continued to assert that an in-person hearing was necessary. The Court twice informed

---

[1] Defendant and standby counsel recently filed separate letters documenting their inability to meet at the jail to review discovery, with counsel reporting that Defendant "refused" to meet with him, ECF No. 87, and Defendant reporting that jail authorities would not allow Defendant to meet with standby counsel, presumably due to the COVID-19 outbreak, ECF No. 88. Such letters caused this Court to arrange for Defendant to meet with standby counsel to review discovery at the federal courthouse, as the Court was taking all practicable steps to preserve Defendant's trial date. See ECF No. 89 (outlining arrangements made with the U.S. Marshal's service and instructing standby counsel to arrive at the federal courthouse on September 29, 2020, at a time early enough to review discovery with Defendant before the afternoon in-person status conference). Such in-person discovery review session was subsequently cancelled in light of the newly implemented COVID-19 mitigation procedures at Defendant's jail.

2

Defendant that it could address scheduling in this case either by "written Order" or though the video teleconference, further explaining that the purpose of the video teleconference, which was the closest option to an in-person hearing the Court could offer,[2] was to provide Defendant the opportunity to be heard and to participate in addressing scheduling issues.  Notwithstanding the Court's explanation, Defendant again indicated that he refused to consent to the video teleconference, and the video teleconference was therefore adjourned, with Defendant and the undersigned judge simultaneously signing off from the Zoom.gov proceeding.

## II. Pandemic Trials in this District

In light of the public health emergency created by the nationwide spread of COVID-19, on March 13, 2020, this Court issued a District-wide General Order suspending all criminal trials for approximately one month.  Case No. 2:20mc7, Gen. Order 2020-02. On March 23, 2020, the Court issued General Order 2020-06 expounding on why the "ends of justice" warranted exclusion of the one-month COVID-19 trial delay from the statutory speedy trial clock.  See 18 U.S.C. § 3161(h)(7).  On April 10, 2020, in the

---

[2] Defendant's jail has informed the Court that inmates housed in close contact with those known to be infected are being quarantined to the greatest extent possible, and that all contact visits with counsel are temporarily suspended, with COVID-19 testing being broadly administered at the jail. The Court further notes that the U.S. Marshal must coordinate prisoner movements with local jails, and the Marshal similarly must make decisions regarding how/whether specific inmates can be safely transported to the federal courthouse.

3

midst of the increased spread of COVID-19 across Virginia, and in the face of "stay-home" orders issued by the Governor of Virginia and the governors of surrounding states, the Court issued General Order 2020-12 extending the postponement of all civil and criminal jury trials, as well as all non-critical, non-emergency proceedings, through June 10, 2020. Such Order made additional speedy trial findings, reiterating the obstacles to seating a jury in the midst of the pandemic and further noting the need for a "robust response from our Court to protect the public health" in light of the growing number of COVID-19 hospitalizations and deaths in Virginia. Id. at 7. On May 26, 2020, the Court issued General Order 2020-16 outlining the phased expansion of court operations in this District, scheduled to begin on June 11, 2020. Such phased re-opening permitted more in-person proceedings to occur; however, as recommended by the Administrative Office of the United States Courts ("AO") in its Federal Judiciary COVID-19 Recovery Guidelines, the Court would "continu[e] to use video- and tele-conferencing to the greatest extent possible," for both civil proceedings and criminal proceedings authorized by the CARES Act. Id. at 2. While General Order 2020-16 allowed for more in-person hearings, it established a separate timeline for the resumption of jury trials, thereby: (1) suspending all civil jury trials "until further notice" because "the interests of justice require the prioritization of criminal jury trials during the upcoming

4


months"; and (2) ordering that "no criminal jury trials shall be conducted prior to Tuesday, July 7, 2020" based on the additional "exposure risks" associated with a jury trial and the need for "the creation of special procedures to reduce the risk of COVID-19 exposure during trial," which would require "reconfiguration of Courtrooms and/or the use of multiple Courtrooms to conduct a single jury trial." Id. at 3-5. The Court further explained that additional time was needed to "develop and circulate safety procedures to prospective jurors, witnesses, litigants, attorneys, and the public," a necessary step to keep all trial participants as safe as practicable, as well as to "foster confidence in the safety of the jury process." Id. at 4. The Order expressly stated that the target date for the resumption of trials "may be extended by subsequent order." Id.

On June 30, 2020, the Court issued General Order No. 2020-19 finding, based on the ever-evolving state of the pandemic, recent studies released by the CDC, the issuance of a report on the resumption of trials by the "jury subgroup" of the COVID-19 Judicial Task Force (Subgroup Report) established by the AO, and new information obtained from various other sources, to include input from the Federal Public Defender's Office and this Court's Criminal Justice Act (CJA) Panel Attorney District Representative, that an extension of two additional months (through September 14, 2020) was necessary before criminal jury trials could safely resume

5

"in a manner that guarantees every defendant a fair trial in the midst of a pandemic involving a deadly and easily transmitted disease." Id. at 1-2. The detailed analysis contained in that Order, which again made speedy trial findings, noted that the additional time was necessary not only "to prepare and retrofit our Courthouses and courtrooms, but also to ensure that the resumption of criminal jury trials provides the accused defendant with <u>the full panoply of trial rights</u>, to include not only the right to an in-person live trial, but one where the jury represents <u>a fair cross-section of the community</u>[3] and will <u>not be encouraged to rush to judgment</u> during deliberations based on a fear of exposure to COVID-19."[4] Id. at 2 (emphasis added). The numerous findings justifying the Court's decision to postpone the resumption of criminal jury trials outlined in General Orders 2020-06, 2020-12, 2020-16, and 2020-19, are all incorporated by reference herein. Moreover, the Court notes that its concerns regarding the safety of resuming trials at the time General Order 2020-19 was issued included the fact that the "'first wave' of

---

[3] "[T]he COVID-19 pandemic has disproportionately impacted African-Americans, and other minority communities," Gen. Order 2020-19, at 8 n.6, a fact established by a CDC report issued on June 15, 2020, and raised by local public health officials advising the Court on how, and when, to safely resume criminal jury trials.

[4] The fear that a jury would rush to judgment in the midst of the pandemic was discussed in a report from the National Association of Criminal Defense Lawyers titled "Court Reopening and Public Health in the COVID-19 Era" (NACDL Report). As discussed in General Order 2020-19, the NACDL Report was highlighted to the Court by the CJA Panel Attorney District Representative.

6

COVID-19 infections in this country [was] far from over," id. at 5, a concern that was borne out by the fact that, during the subsequent month, the average number of new daily COVID-19 cases in Virginia doubled, and the average number of people hospitalized in Virginia increased by 50 percent.

Jury trials resumed in this District on September 14, 2020,[5] with the first trial in the Norfolk/Newport News Divisions beginning on September 16, 2020, due to a case-specific COVID-19 two-day delay. Currently, the Norfolk Division and Newport News Division of this Court each has one COVID-19 jury trial courtroom retrofitted with plexiglass, audio-visual, and other physical modifications, and the Court is in the process of adding a second jury trial courtroom in Norfolk, which will be available for trials in mid-October after custom ordered plexiglass dividers are delivered and installed. As explained in General Order 2020-21, which was issued last week, the "redesigned jury trial process" adopted by this Court "requires the use of three different

---

[5] As discussed in General Order 2020-19, the decision to begin trials in September took into account the need to develop public confidence in the protections adopted by this Court, with the modified jury trial procedure ultimately adopted by this Court after a mock trial walkthrough with local public health officials. The Court also considered the June 2020 NACDL Report, which acknowledges that the resumption of jury trials in the midst of this deadly pandemic needed to "prioritize evidence-based health and safety measures and the preservation of fundamental rights over the ministerial needs of docket management," further cautioning that a rush to resume trials could "undermine the truth seeking purpose of trials," and impact the Court's ability to seat a jury representing a fair cross-section of the community. Such report was merely one of many perspectives considered by this Court in adopting a timeline for the resumption of criminal jury trials.

7

courtrooms to conduct a single jury trial . . . meaning that as many as six courtrooms [in our Norfolk Courthouse] will be occupied to ensure a safe and socially distanced jury trial process."[6] Id. at 4. Such "consumption of physical resources" greatly taxes the Court's ability to conduct other in-person hearings as it leaves only a few "smaller courtrooms" open that are not suitable for jury trials during a pandemic. Id. This procedure is nevertheless "necessary to protect defendants' speedy trial rights to the greatest extent possible within the space available to the Court." Id.

### III. Rescheduling Defendant's Trial

Defendant's jury trial in this case was originally scheduled for February 22, 2020. Defendant's counsel, however, was forced to withdraw in January of 2020 due to a newly discovered conflict of interest. New counsel, Scott Hallauer, was appointed and requested a continuance of the jury trial so that he would have adequate time to prepare, with the jury trial then rescheduled for May 12, 2020. The May trial date was continued due to the COVID-19 pandemic, but even if it had not been, it is unlikely that trial would have started on such date in light of the communication breakdown between Defendant and Mr. Hallauer in April of this year.

---

[6] The federal courthouse in this Court's Newport News Division has a total of only two courtrooms, as well as a jury assembly room and a grand jury suite. Both of the courtrooms, as well as the jury assembly room, will be utilized in order to safely conduct a single criminal jury trial.

8

At a July hearing on Mr. Hallauer's motion to withdraw, the Court granted the motion, further granting Defendant's request to proceed pro se. ECF No. 62. The Court appointed Mr. Hallauer as standby counsel to help facilitate Defendant's review of discovery materials. Trial was then reset for October 6, 2020, and the Court entered an Order to ensure that Defendant had a sufficient opportunity to review electronic discovery with standby counsel notwithstanding restrictions imposed by Defendant's local jail. ECF No. 73. As summarized above, the COVID-19 pandemic has precluded Defendant from timely reviewing such discovery materials, see ECF Nos. 66, 87, which, along with the current lockdown at Defendant's jail, renders it impossible to begin the trial on October 6, 2020.

After months of postponing criminal trials across this entire District due to the national emergency created by the COVID-19 pandemic, the undersigned judge was recently called on to coordinate the initial trial schedules of seven different District Judges serving the Norfolk and Newport News Divisions of this Court with only two available jury trial courtrooms (one in each Division).[7] In the midst of multiple defendants asserting their speedy trial rights, Defendant, who still needed time to review discovery, was scheduled to proceed to trial on October 6, 2020,

---

[7] As noted above, the third jury trial courtroom is expected to be fully retrofitted for pandemic jury trials in approximately two to three weeks.

just a few weeks after criminal jury trials first resumed. However, as indicated above, such trial date is simply no longer feasible in light of: (1) Defendant's failure to review critical pre-trial discovery subject to a protective order; and (2) Defendant's current inability to review such materials in light of the COVID-19 outbreak at Defendant's jail. The interests of justice therefore require this Court to reschedule Defendant's jury trial, and in light of the backlog of other criminal jury trials that began being postponed in March of this year, the first date currently available is January 4, 2021. Such date is therefore reserved for Defendant's jury trial. Should another trial be cancelled due to a guilty plea or other circumstance and an opening of sufficient length appears on the shared Norfolk/Newport News criminal jury trial schedule, the Court will begin Defendant's jury trial at an earlier date, assuming of course that he has had adequate time to review all relevant discovery and makes representations to the Court that he is prepared to proceed to trial.

While a continuance until January is presumably against Defendant's wishes (Defendant voluntarily elected not to present his position on the record at the September 29, 2020, video teleconference), the Court finds that such a continuance is necessary and is clearly in the "interests of justice" in light of the ongoing public health crisis and the critical need for

10

Defendant, who is representing himself, to review discovery. <u>See</u> 18 U.S.C. § 3161(h)(7)(B)(iv) (indicating that when making an "ends of justice" finding, the district court must consider whether "the failure to grant . . . a continuance . . . would deny the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence"). The trial delay is therefore excludable under the Speedy Trial Act,[8] and a January 4, 2021, trial date does not violate the constitutional guarantee of a speedy and public trial by jury.[9]

Stated in simple terms, our nation, and this Court, finds itself in unprecedented times. The scientific community has continued to act and re-act to, and evaluate and re-evaluate, this deadly disease, with medical guidance changing at times on a daily

---

[8] In addition to the delay necessitated by the pandemic and the need for Defendant to review protected discovery, Defendant has filed numerous pre-trial motions over the last several months, some of which are not yet ripe, and the delay resulting from such motions is excluded under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

[9] The Court has weighed all of the <u>Barker</u> factors relevant to the constitutional speedy trial inquiry, including whether Defendant "made a timely assertion" of his speedy trial rights, the fact that the Government is not at all responsible for the pandemic related delay, and the absence of prejudice resulting from the delay caused by the pandemic. <u>United States v. Hall</u>, 551 F.3d 257, 272 (4th Cir. 2009) (applying the four-part constitutional inquiry outlined in <u>Barker v. Wingo</u>, 407 U.S. 514, 530 (1972)). While Defendant did file a speedy trial motion seeking dismissal of his indictment in August, ECF No. 69, such motion fails to establish a constitutional violation, and the arguments advanced in such motion will be squarely addressed by the Court through separate order. As discussed herein, Defendant elected not to participate in the September 29, 2020, video teleconference scheduled to address <u>the recent factual developments</u> requiring a further continuance of the trial date, and the instant Order addresses such pandemic related delay, as well as the pandemic events preceding such delay, without Defendant's input.

basis.  This has forced the undersigned judge to devote countless hours over the last six months to studying the scope of the pandemic and its impact on this District, and to evaluate, adopt, re-evaluate, and revise operational plans and procedures in light of the emerging dangers posed by COVID-19.  Defendant was assigned one of the earliest trial dates after criminal trials were resumed in this District, and the Court took all steps practicable to preserve such trial date, including arranging for an in-person discovery review session at the federal courthouse in Norfolk that was scheduled to take place the week following the date when Defendant's jail ended jail contact visits and transportation to courts.  Through no fault of Defendant, counsel for the Government, standby counsel, or anyone else involved in this case, proceeding to trial on October 6, 2020, is simply not possible due to the COVID-19 outbreak at Defendant's jail and the associated lockdown.  Based on such reality, the Court has no choice but to reschedule Defendant for the earliest available date in one of the three Courtrooms in the Norfolk/Newport News Divisions that are/will be retrofitted to permit a "safe" mid-pandemic public trial by jury.  Even with the continued suspension of all civil trials in order to prioritize criminal defendants' speedy trial rights, the next available trial date is January 4, 2021.

    For all of the reasons discussed above, most notably the need to ensure that the pro se Defendant is not rushed to trial without

12

having had ample time to review the discovery provided by the Government, the Court concludes that the "ends of justice served by [continuing the trial date until January 4, 2021,] outweigh the best interest of the public and the Defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Failure to allow Defendant sufficient time to prepare for trial would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), and the delay in trial from October to January is not the fault of prosecuting attorneys or anyone else in this case, but is instead attributable to the new realities of conducting a jury trial in the midst of a deadly nationwide pandemic, and more specifically, the outbreak of COVID-19 occurring at the jail where Defendant is housed during the critical trial preparation weeks immediately preceding the scheduled jury trial.

This Court is fully aware that "ends of justice" continuances cannot be predicated on "general congestion of the court's calendar," § 3161(h)(7)(C), but the instant continuance is <u>not</u> predicated on "general congestion" of the Court's calendar and/or the unavailability of the assigned trial judge due to a rigorous case schedule. In circumstances of "general congestion," the assigned judge can seek help from colleagues, transfer the case to an available judge, or otherwise continue non-trial matters to prioritize a defendant's speedy trial rights. In contrast, here, none of such options are available as the continuance is

13

necessitated by the fact that the nationwide pandemic has eliminated this Court's ability to safely conduct any more than three simultaneous jury trials in the region containing the geographically contiguous Newport News and Norfolk Divisions of this Court, and there is simply no physical space available where the Court could assure a jury that adequate social distancing would be maintained throughout the course of trial and deliberations. Attempting to try the case at an earlier time using a courtroom and/or jury room that does not permit jurors to stay at least six feet apart would itself result in a miscarriage of justice as jurors' fears for their safety would prevent them from devoting their full attention to the case and would encourage them to rush to judgment rather than give Defendant the fair public trial required by the United States Constitution.

Defendant's October 6, 2020, jury trial date is therefore **CONTINUED**, with a new trial date set for **the earlier of**: (1) January 4, 2021, in Newport News, Virginia; or (2) the first date occurring after Defendant has had a full opportunity to review relevant trial discovery when a COVID-19 retrofitted courtroom is available in the Norfolk or Newport News federal courthouses. Because the shared trial schedule can change rapidly, standby counsel is **INSTRUCTED** to meet with Defendant, in-person, as soon as practicable after Defendant's jail concludes its lockdown in order to continue/complete Defendant's review of discovery. If it

becomes necessary to have Defendant transported to the federal courthouse in order to facilitate this review, standby counsel should notify the undersigned judge's courtroom deputy.

The Clerk is **DIRECTED** to forward a copy of this Memorandum Order to Defendant, standby counsel, and counsel for the United States.

**IT IS SO ORDERED.**

/s/ _____
Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
October __2__, 2020

15